SLIP OPINION

Cite as 2017 Ark. 100

# SUPREME COURT OF ARKANSAS
No. CV–16–234

|  |  |
|---|---|
| | **Opinion Delivered:** March 16, 2017 |
| TRUMAN ARNOLD COMPANIES<br> PETITIONER<br><br>V.<br><br>MILLER COUNTY CIRCUIT COURT<br> RESPONDENT | PETITION FOR WRIT OF PROHIBITION FROM THE MILLER COUNTY CIRCUIT COURT<br>[NO. 46CV-15-41]<br><br>HONORABLE CARLTON D. JONES, JUDGE<br><br><u>PETITION FOR WRIT OF PROHIBITION GRANTED</u>. |

**SHAWN A. WOMACK, Associate Justice**

Petitioner Truman Arnold Companies ("TAC") petitions this court for a writ of prohibition to preclude the Miller County Circuit Court from continuing to exercise jurisdiction over Patricia Adams's claims against TAC for negligent supervision, retention, and hiring of a store manager. For the reasons set forth in *Truman Arnold Cos. v. Miller County Circuit Court*, 2017 Ark. ___, delivered this same day, we grant the writ of prohibition.

Adams's complaint alleged that she was a victim of sexual assault and harassment while employed by TAC in 2011 and that she was exposed to this harm as a result of TAC's negligence. TAC moved to dismiss the complaint, arguing that pursuant to Arkansas Code Annotated section 11-9-105 (Repl. 2012), Adams's sole remedy is through the Workers' Compensation Act and that the Arkansas Workers' Compensation Commission

("Commission") has the exclusive jurisdiction to determine the applicability of the Workers' Compensation Act. The circuit court considered Adams's motion to dismiss alongside an identical motion in the case of another former TAC employee, Teresa Jones, who also sued TAC for negligent supervision, retention, and hiring based on similar misconduct of the same store manager.

On February 18, 2016, the circuit court denied TAC's motion to dismiss in both cases, ruling that the allegations fell outside the Commission's jurisdiction. The circuit court ruled that Adams's alleged injuries arose "from more of a mental anguish type of injury than from a physical impact injury" and that the complaint did not contain enough to demonstrate that a "crime of violence" had occurred in the case. Therefore, the circuit court determined that the injuries were not compensable under the Arkansas Workers' Compensation Act, which only compensates mental injuries in limited circumstances. *See* Ark. Code Ann. § 11-9-113 (Repl. 2012).

On March 18, 2016, TAC petitioned this court for a writ of prohibition. We took the petition as a case and ordered the parties to brief the issues.

We agree with TAC that the writ of prohibition is warranted for the reasons stated in *Truman Arnold Cos. v. Miller County Circuit Court*, 2017 Ark. __, handed down this same date.

Petition for writ of prohibition granted.

*Wyly~Rommel, PLLC*, by: *Sean F. Rommel*, for petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Michael A. Cantrell*, Ass't Att'y Gen., for respondents.